IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK MICHAEL LARMOUR,

    Petitioner,                  No. CIV S-08-1523 JAM DAD P

    vs.

KEN CLARK,                      ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred.

        A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971);

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2).

1

Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the present petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  In that petition it is alleged by petitioner that the grounds upon which he seeks habeas relief have only been presented to and rejected by the California Court of Appeal on direct appeal.  He also indicates that no petition for review or separate state habeas actions were pursued.  Thus, from the face of the petition it appears clear that the claim has not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified

/////

/////

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).

1  time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d
2  1153 (9th Cir. 1991).
3  DATED: September 18, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   larm1523.103